UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BEVSOURCE, LLC,                                    Case No. 23-CV-2080 (PJS/DLM)

      Plaintiff,

v.                                                 ORDER

INNOVATION VENTURES, LLC,

      Defendant.

---

    Marc A. Al and Bojan Manojlovic, STOEL RIVES LLP; Vanessa L. Miller and Leah R. Imbrogno, FOLEY & LARDNER LLP, for defendants.

    Plaintiff BevSource, LLC brought this breach-of-contract lawsuit in state court against defendant Innovation Ventures, LLC. Innovation Ventures removed the lawsuit to this Court on July 11, 2023, invoking federal jurisdiction on the basis of diversity of citizenship. *See* Notice of Removal ¶ 9, ECF No. 3.

    "[T]he party seeking to remove a case to federal court"—here, Innovation Ventures—"bears the burden of establishing federal jurisdiction." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it."). Both BevSource and Innovation Ventures are limited liability companies. "[F]or purposes of diversity jurisdiction, a limited-liability company ('LLC') takes the citizenship of all of its members and 'sub-members'

and 'sub-sub-members.'" *Key Enters., LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013).

In order to meet its burden to establish that diversity jurisdiction exists, therefore, Innovation Ventures has to identify all of its members (and sub-members and sub-sub-members, if any) and the citizenship of each of those persons or entities, and Innovation Ventures has to identify all of the members (and sub-members and sub-sub-members, if any) of BevSource and the citizenship of each of those persons or entities. Only by providing such information could Innovation Ventures meet its burden of proving that none of its members is a citizen of the same state as any of the members of BevSource.

Innovation Ventures did not provide this information in its notice of removal. Indeed, it did not identify a single member of either BevSource or Innovation Ventures. Instead, it pleaded that "BevSource's [unidentified] member is a citizen of the State of Minnesota," ECF No. 3, ¶ 10, and that "[n]one of Innovation Ventures' [unidentified] members are citizens of Minnesota," ECF No. 3, ¶ 11.[1]

Taking note of this deficiency, Magistrate Judge Douglas L. Micko ordered Innovation Ventures to amend its notice of removal to more specifically identify the

---

[1] Innovation Ventures later identified what it believes to be the sole member of BevSource as Janet Johanson and said that it believes she is a citizen of either Minnesota or Florida. ECF No. 20, ¶¶ 7–8.

citizenship of each party. *See* Order, ECF No. 17. Innovation Ventures responded to Judge Micko's order by declining to identify its members or their states of citizenship. Innovation Ventures protested that it "has a complicated ownership structure, which is highly confidential," ECF No. 20, ¶ 10, and said that "some of its owners do not wish to see [their identities] disclosed," ECF No. 20, ¶ 11. Innovation Ventures asked that the Court—and, apparently, BevSource—simply take its word for the fact that diversity jurisdiction exists. Failing that, Innovation Ventures "stipulates to the entry of an Order of Remand to the Ramsey County District Court." *Id.*

Like every federal court, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also id.* (stating that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived") (internal quotation marks omitted). In this case, the Court cannot possibly exercise that "independent obligation" without knowing the members of the parties and their states of citizenship. The Sixth Circuit explained the obvious:

> When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each "sub-member" as well.

*Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

The Court is not willing to simply accept the assurance of Innovation Ventures that none of its members is a citizen of the same state as any of the members of BevSource. "The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Innovation Ventures does not meet that burden by saying nothing more than "take our word for it, the Court has jurisdiction," any more than BevSource can meet its burden to prove a breach of contract by saying nothing more than "take our word for it, Innovation Ventures breached the contract."

Because this Court is obligated to ensure that it has jurisdiction—and because Innovation Ventures is unwilling to provide evidence (even, apparently, under seal) that would establish, by a preponderance of the evidence, that diversity jurisdiction exists—the Court accepts its stipulation and remands this case to state court.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT this action is REMANDED to the District Court for the Second Judicial District, County of Ramsey, State of Minnesota.

Dated: August 4, 2023

_____
Patrick J. Schiltz, Chief Judge
United States District Court